EL PUEBLO, DEMANDANTE Y APELADO, *v.* GONZÁLEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por infracción de la ley de automóviles.

No. 1221.—Resuelto en diciembre 11, 1917.

INFRACCIÓN DE LA LEY DE AUTOMÓVILES—VEHÍCULOS DE MOTOR—AUTOMÓVIL CON LA LUZ ROJA POSTERIOR APAGADA—INTENCIÓN CRIMINAL—DEBIDO CUIDADO O DILIGENCIA.—Al acusado se imputó una infracción del artículo 8 de la Ley para reglamentar el uso de vehículos de motor, o sea, por haber llevado apagada la luz roja posterior del automóvil que guiaba. Alegó que la prueba, considerada a la luz de los artículos 11 y 12 del Código Penal, no revelaba la existencia de intención criminal y que en todo caso la declaración del acusado y la del dueño del carro, demostraban la total ausencia de la *mens rea.* *Se resolvió:* que la ignorancia del acusado en cuanto al hecho del caso, no constituye defensa alguna si bien la demostración de un debido cuidado o diligencia podría quizás relevarlo de responsabilidad criminal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Leopoldo Tormes.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El artículo 8 de la Ley de 1916, página 144, para reglamentar el uso de vehículos de motor exige entre otras cosas que "todo automóvil que transitare en el período comprendido desde media hora después de la puesta del sol hasta media hora antes de la salida del mismo, llevará por lo menos dos luces blancas, y toda motocicleta una luz blanca, visibles a una distancia de por lo menos doscientos cincuenta pies desde el frente de tal vehículo; pero queda prohibido en calles de ciudades o caminos públicos bien alumbrados el uso de luces que deslumbren. Cada automóvil llevará también una luz roja visible en la parte posterior."

El artículo 18 dispone que "las infracciones de las disposiciones de esta ley serán consideradas como delitos menos graves, y serán castigadas con multa de no menos de cinco dólares, o con prisión de no menos de cinco días ni más de tres meses."

El apelante fué convicto primero en la corte municipal y luego después de celebrádole un juicio *de novo* en la corte de distrito, por infracción al artículo 8 de la citada ley a virtud de una denuncia en que se le imputaba "que en abril 3, 1917, a las 7:30 p. m. en la Avenida Hostos, Playa, Ponce, P. R., del distrito judicial municipal de Ponce, P. R., el acusado Gumersindo González, en abril 3, 1917 y en la Avenida Hostos, maliciosa y voluntariamente, violó las disposiciones de la ley para regular el uso de vehículos de motor en Puerto Rico, llevando apagada la luz roja posterior, del auto 2175, propiedad de Temístocles Laguna, a las 7:30 p. m.

Se han apuntado los siguientes motivos de error:

"A. En que la sentencia de la corte inferior, es contraria a las pruebas aducidas en el juicio por El Pueblo de Puerto Rico para sostener su querella.

"B. En que la corte inferior abusó de su discreción e hizo una apreciación errónea de los testimonios aducidos en juicio por los testigos del Pueblo de Puerto Rico.

"C. En que, aceptando como cierto, de que el acusado haya realizado los actos imputádosle en la denuncia, ello no constituye delito público alguno penable." ·

El argumento aducido respecto a los dos primeros erro-, res alegados, como los términos en que se hallan redactados dichos motivos de error, se concreta a la prueba aducida por el Fiscal. Si hubiera el acusado preferido conformarse con su moción de *non-suit* quizá no hubiera carecido por completo de méritos su pretensión, pero la prueba de descargo corrobora las declaraciones de los dos policías tanto respecto al *corpus delicti* como a la identidad del carro y del acusado, disipando así cualquier duda que pudiera de otro modo haber existido en este sentido.

La única disputa que bajo el tercer motivo de error vale la pena de considerarse detenidamente es la de que la prueba considerada a la luz de los artículos 11 y 12 del Código Penal no revela la existencia de una intención criminal y de que en todo caso la declaración del acusado y la del dueño del carro demuestran la total ausencia de la *mens rea*.

No necesitamos ni queremos detenernos a considerar la proposición del Fiscal, de que la legislatura tuvo la intención de hacer e hizo de la falta de exhibirse una luz roja un delito menos grave (*misdemeanor*) sin tener en cuenta la existencia o no-existencia de una intención criminal, puesto que sin duda alguna tenía facultades para hacerlo. Como quiera que sea, la omisión del legislador en este sentido apenas si puede estimarse que exija prueba de intención específica. Síguese que en cuanto pueda cuestión alguna relacionarse con este asunto "se presume que toda persona intenta la consecuencia de sus actos," aunque por supuesto esta presunción no es necesariamente concluyente. 2 Bishop's New Criminal Procedure, Sec. 1099, pág. 946, Sec. 1101, pág. 947.

Además, "aun cuando se alegare, para los efectos de la intención, la ignorancia de hecho, esa defensa de nada aprovecha cuando el acusado, mediante el ejercicio de la debida

diligencia, pudo haberse dado cuenta de su error.  \* \* \*
Y, como regla general, cuando se le imputa al acusado negligencia por no haber investigado los verdaderos hechos del caso, su ignorancia no constituye defensa alguna.'' I Wharton's Criminal Law, Edición 11ª., Sec. 114, páginas 153, 154.

Admitiendo para los fines de la argumentación que la demostración de un debido cuidado y diligencia podría relevar de responsabilidad criminal a un acusado en casos de esta naturaleza, tenemos que decir que la prueba de descargo en este caso es tan pobre, vaga y poco satisfactoria que no justificaría la revocación de la sentencia.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.